NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-540
25-P-541

LIN YANG

vs.

ROBERT MERRILL & others[1]
(and a companion case[2]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

These two civil actions stem from controversies associated with Lin Yang's ownership of a unit within the Cambridge House Condominium.  The first action arose when Yang attempted to purchase another unit within the condominium and was allegedly prevented from doing so by defendant Coldwell Banker Realty (Coldwell Banker).  The second arose when the trustees of the Cambridge House Condominium Trust (Cambridge House) sued Yang seeking entry into her unit to investigate a leak.  Yang now

---

[1] Holly Donaldson, Ayse Gurdal, Boris Kusturic, and Coldwell Banker Realty.

[2] Trustees of the Cambridge House Condominium Trust v. Lin Yang.

appeals from judgments in the Superior Court awarding attorney's fees and other costs to Cambridge House and Coldwell Banker.  We affirm.

Abbreviated Procedural Background.  In the first case, Yang filed an action in the Superior Court alleging that the defendants, her neighbor and his real estate agents,[3] held an open house during the COVID-19 pandemic, thereby creating a health risk and causing her emotional distress.  She also alleged that the defendants discriminated against her when they did not sell her the condominium unit but instead accepted a significantly higher offer from a third party.

During the litigation, which spanned more than five years, Yang failed to appear for several court proceedings, requested numerous continuances, and failed to participate in the discovery process.  In 2023, she was sanctioned $3,000 for failing to answer questions at her deposition.  Eventually, all of Yang's claims against the defendants were dismissed due to her failure to comply with discovery orders as well as her failure to prosecute.  The defendants' motion for summary judgment was subsequently allowed on their counterclaims for malicious prosecution and abuse of process.  The defendants then filed a motion to recover the costs and fees incurred in

---

[3] Yang's civil action also named as defendants any persons who visited the open house.

2

defending against Yang's complaint.  A judge of the Superior Court conducted a hearing on the motion for costs, at which Yang failed to appear, and then issued a detailed memorandum of decision.  The judge noted that Yang had filed a "meritless lawsuit. . . and then failed to conform to basic discovery obligations, causing defendants to bring multiple motions to compel."  After reviewing the defendants' submissions, the judge concluded that the "level of costs and fees incurred" did not reflect any "inefficiency or unnecessary legal work" by the defendant.  Rather, it was "attributable to Yang's litigation conduct."  The judge adjusted downward the damages, and awarded the defendants a total of $47,564.01.[4]

In the second case, a separate action, an owner of the condominium unit directly below Yang's unit reported that there was water leaking from Yang's unit that was causing damage to their ceiling.  After Yang refused numerous requests to allow access to her unit to inspect and repair the potential water leakage, Cambridge House filed a complaint and application for a preliminary injunction in the Superior Court.  Yang filed counterclaims and attempted to bring a third-party complaint, alleging, among other things, premeditated conspiracy, fraud, and a claim entitled "harassment, bully, threaten life safety."

---

[4] The defendants had requested attorney's fees and costs in the amount of $64,537.

3

A judge of the Superior Court scheduled a hearing on the defendants' motion to dismiss the counterclaims and twice continued the hearing for another date at Yang's request. She failed to appear on the eventual hearing date, and the judge conducted the hearing in her absence. In an order dated March 6, 2024, Yang's counterclaims were dismissed, and the judge issued an order to show cause why the case should continue, given that the underlying issue of access to Yang's unit had been resolved. Defendants then filed a motion to show cause for the assessment of statutory attorney's fees. The judge granted the defendants' motion for fees in the amount of $21,936.92 on August 27, 2024, but final judgment did not enter until March 21, 2025, apparently due to Yang's premature attempt to appeal the judge's order.

Discussion. Yang purports to appeal, in each case, from the "judgment on findings" dated March 21, 2025, as well as "all relevant decisions of the lower court." She contends that she was denied due process owing to the judge's alleged bias, collusion with her opponents, and fraud perpetrated on the court. She further accused the judge and opposing parties in the second case of perpetrating "a deliberate and coordinated effort to obstruct justice and deny [Yang] constitutional rights for equal opportunities for justice."

4

As an initial matter, we note that Yang's appellate briefs suffer from several infirmities. For example, despite referencing various wrongdoings and alleging that the judge demonstrated bias and discrimination, she has not provided the court with transcripts of the hearings at which she claims the judge acted improperly. Nor has Yang provided arguments on appeal with supporting citations to the record or legal authority. See Mass. R. A. P. 16 (a) (4), as appearing in 481 Mass. 1628 (2019). See also Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011). While we recognize that Yang represents herself, she is nevertheless required to comply with the Massachusetts Rules of Appellate Procedure. Without an adequate record, we are unable to review her claims on appeal. See Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992). It "is a fundamental and long-standing rule of appellate civil practice" that the appellant has an obligation "to include in the appendix those parts of the [record that] are essential for review of the issues raised on appeal." Id. See Roby v. Superintendent, Mass. Correctional Inst., Concord, 94 Mass. App. Ct. 410, 412 (2018).[5]

---

[5] See Mass. R. A. P. 16 (a) (5) and 16 (a) (6), as appearing in 481 Mass. 1628 (2019). See also S.S. v. S.S., 104 Mass. App. Ct. 633, 639 n.5 (2024) ("Several of the husband's individual arguments are unsupported by adequate discussion, citation to

The rules of appellate procedure also require that Yang's briefs contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies."  Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  See Kellogg, 461 Mass. at 1003.  Rule 16 (a) (9) "is more than a mere technicality.  It is founded on the sound principle that the right of a party to have this court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority" (quotation and citation omitted).  Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995).  Here, because Yang failed to allege with any specificity how the court erred, failed to provide relevant parts of the record for each action, and did not articulate clear issues on appeal, her submissions "provide an insufficient basis for this court reasonably to consider [her] claims."  Kellogg, supra.

Finally, to the extent that Yang's appeals are based on a claim that the judge abused his discretion in awarding attorney's fees and costs, we are unpersuaded.  "What constitutes a reasonable fee is a question that is committed to the sound discretion of the judge."  Berman v. Linnane, 434

authority, the record, or citation thereto, so we need not address them").

6

Mass. 301, 302-303 (2001). One method of calculating such fees is the "lodestar" approach. Id. at 303. Under this approach, the court first multiplies hours reasonably spent by a reasonable hourly rate and then may adjust upward or downward based on several factors, including difficulty of the case, awards in similar cases, the attorney's skill, and more. See Stratos v. Department. of Pub. Welfare, 387 Mass. 312, 321-322 (1982). Importantly, the judge is in the best position to determine how much time was reasonably spent on a case and the fair value of the attorney's services. See Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993).

Here, in the first case, the judge considered the appropriate factors and provided a well-reasoned and detailed decision explaining the history of the litigation and Yang's actions that resulted in the award of costs and fees. In fact, the judge reduced the attorney's fees requested by the defendant, again explaining the reasons for the reduction. We see no abuse of discretion.

Likewise, as to the second case, we see no abuse of discretion in the award of attorney's fees. Again, in a detailed order, the judge recognized the statutory right of the defendants to recover attorney's fees pursuant to G. L. c. 183A, §§ 4 (2), 6 (a) (ii), and found that the hourly rates and the work performed were reasonable and necessary. Yang offers no

argument, other than bald accusations of fraud and fabricated court proceedings, and, given the evidence in the record, we perceive no abuse of discretion in the award of attorney's fees.[6]

<u>Judgments entered March 21, 2025, affirmed</u>.

By the Court (Walsh, Hershfang & D'Angelo, JJ.[7]),

Clerk

Entered:  July 17, 2026.

---

[6] We decline the appellees' requests for awards of fees and costs.

[7] The panelists are listed in order of seniority.